IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VERNON C. WHITE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-716-MJR |
| | ) | |
| MADISON COUNTY, ILLINOIS, CHIEF ROBERT HERTZ, CHIEF DEPUTY LAKIN, CAPT. JOSEPH GULASH, LT. HALLENBECK, DR. ROBERT BLANKENSHIP, NURSES & JAILERS A-Z, in Their Official and Individual Capacities, VILLAGE OF PONTOON BEACH, ILLINOIS, CHIEF CHARLIE LUEHMANN, LT. DANIEL ABEL, DET. RICHARD SCHARDAN, and OFC. JOHN SIMMONS, in Their Official Capacity and Individual Capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Background

This case arises under 42 U.S.C. § 1983 and under the Constitution and laws of the State of Illinois. In a ten-count complaint, Plaintiff, Vernon C. White, challenges Defendants' unreasonable search and seizure, deprivation of liberty and property without due process, and willful and wanton failure to provide medical care, as well as illegal conspiracy against him and coercing a confession from him. He claims that, on October 15, 2006, Defendant Simmons pulled him over for "dirt on his tag." Simmons then arrested White for a "felony traffic stop" in spite of the fact that

1

Simmons's "LEAD monitor" showed a warrant for White that read "DO NOT ARREST." Defendant Daniel Abel then arrived, checked the VIN number on the truck that White was driving and reported to Simmons that the truck was reported as stolen. White explained that he had purchased the truck and that his pink slip and other proofs of ownership were in the truck. White told Simmons and Abel that he had been exposed to tuberculosis years before but assured them that he did not have the disease. White also told Simmons and Abel that he suffered from epileptic seizures. He asked them to get his medicine from the truck, but they refused. Also in the truck were White's laptop computer, tools, notes and equipment.

White was transferred to Madison County Jail where he was seen by a nurse and jailors. He provided them with his medical history, including that he was an epileptic, his list of medications and the name of his personal physician. None of the Defendants provided White with medication for his epilepsy during his detention. He was taken to a cellar below the Madison County Women's Jail that had neither lights, beds and toilets nor sufficient room to stand. There, within the next two days, he suffered a grand mal seizure, injured his left occipital lobe and lost vision in his right eye. When White complained of the conditions of his confinement and the lack of medical care, Defendant Gulash, Madison County's Jail Superintendent, told him that he was in segregation "for precautionary measures," even though Madison County's own X-rays and sputum tests had proven that White did not have tuberculosis.

The jail's doctor, Defendant Blankenship, did not prescribe any medication for White's seizures. White was detained in a segregation unit from approximately October 17 to November 6, 2006. On November 8, 2006, when White appeared before a Madison County Judge, he was not informed of his rights and was coerced into accepting a plea agreement. He pled guilty

to theft over $300.00 for possession of the truck without the consent of its owner.

On February 17, 2007, White learned that Madison County did not know the location of the truck or his personal effects, which were exculpatory and were valued at more than $11,000.00. As a direct and proximate result of Defendants' willful, wanton and oppressive conduct, White suffered personal injury, loss of freedom, loss of property, indignity, mental suffering, emotional strain and humiliation.

Defendants, Village of Pontoon Beach, Illinois, Chief Charlie Luehmann, Lt. Daniel Abel, Det. Richard Schardan and Officer John Simmons move to dismiss the claims against them, pursuant to FED. R. CIV. P. 12(b)(6) or, in the alternative, for a more definite statement (Counts VII and X and all Counts naming Defendant Schardan), as follows:

1) Counts III (due process - shocks the conscience), VI (failure to intervene), VII (42 U.S.C. § 1983 conspiracy) and X (illegal conspiracy) for failure to adequately apprise Defendants of the claims against them, sufficient to state a response, and failure to meet the requirements of FED.R.CIV.P. 10(b);

2) Counts I (unreasonable search and seizure), III (due process - shocks the conscience), V (due process - destruction of exculpatory evidence) and VI (failure to intervene) as barred by the doctrine set out in ***Heck v. Humphrey*, 512 U.S. 477 (1994)**;

3) Counts VII (42 U.S.C. § 1983 conspiracy) and X (illegal conspiracy) for failure to plead the requisite elements of conspiracy;

4) Count VIII (Illinois Constitution §§ 1, 2 and 6) because, under Illinois case law, no cause of action exists under the Illinois Constitution where a federal statute or state common law provides a remedy;

5) Defendant Luehmann because a) no allegations have been made against him in his individual capacity; b) suits against police chiefs in their official capacity are in actuality suits against the municipality and the Village of Pontoon Beach has been named; and c) no allegations have been made that would impose supervisory liability; and

6) Defendant Schardan because there are no specific allegations against him.

## II. Legal standard

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** governs motions to dismiss for failure to state a claim upon which relief can be granted. In *Bell Atlantic v. Twombly*, the United States Supreme Court "retooled federal pleading standards," and retired the oft-incanted standard from *Conley v. Gibson*, **355 U.S. 41, 47 (1957)**, that a complaint should not be dismissed for failure to state a claim unless it appeared "beyond doubt" that the plaintiff could prove "no set of facts in support of his claim" which would entitle him to relief. *Killingsworth v. HSBC Bank Nevada, N.A.*, **507 F.3d 614, 618 (7th Cir. 2007).**

In assessing whether a complaint states a claim upon which relief can be granted (thereby escaping Rule 12(b)(6) dismissal), the district court accepts all well-pleaded allegations as true and draws all favorable inferences in plaintiff's favor. *Id. See also Erickson v. Pardus*, **– U.S. –, 127 S.Ct. 2197, 2200 (2007).**

*Bell Atlantic* called into question dicta contained in (and abrogated the holdings of) cases such as *Kolupa v. Roselle Park District*, **438 F.3d 713, 715 (7th Cir. 2006),** which had declared Rule 12(b)(6) dismissal proper only "when it would be necessary to contradict the complaint

4

in order to prevail on the merits."¹ No longer does it suffice for a complaint to avoid foreclosing possible bases for relief; the complaint must indicate that the plaintiff *has* a right to relief. ***EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007).**

Specific facts are not necessary for a complaint to survive a motion to dismiss for failure to state a claim. ***Jervis v. Mitcheff*, – F.3d –, 2007 WL 4355433 (Dec. 13, 2007).** But labels and conclusions alone will not suffice. Rather, the complaint must contain enough facts to state a claim that is plausible on its face, and the complaint must give the defendants "fair notice" of the grounds on which plaintiff's claim rests. ***Killingsworth,* 507 F.3d at 618.**

When considering a motion for a more definite statement, pursuant to **FED. R. CIV. P. 12(e)**, the Court must consider whether the complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading...." **FED. R. CIV. P. 12(e)**. "[I]f the claim is unclear, the court should require a plaintiff to prepare a more definite statement under Rule 12(e) instead of 'lavishing attention on the complaint until the plaintiff gets it just right." ***Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir.1999) (citing *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998)).**

**III.     Discussion**

    **A.     *Heck v. Humphrey***

In *Heck*, the United States Supreme Court held as follows:

[I]n order to recover damages for allegedly unconstitutional conviction or

---

¹In ***Kolupa*, 438 F.3d at 714,** the Seventh Circuit reversed a Rule 12(b)(6) dismissal, stating: "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary.... Details come later, usually after discovery...."

5

> imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

**Heck, 512 U.S. at 487-88.**

Thus, "a damages claim that 'necessarily demonstrates the invalidity of [a] conviction,' may not be brought while the conviction stands." **Gonzalez v. Entress, 133 F.3d 551, 553 (7th Cir. 1998) (citing *Heck*, 512 U.S. at 481-82)**.

In Count I of White's complaint, he alleges that Defendants searched and seized him and his vehicle without a valid warrant for his arrest and without probable cause that he had committed a crime. Contrary to Defendants' assertions, "a claim based on an unlawful search or arrest may be brought immediately, because a violation of the fourth amendment does not necessarily impugn the validity of a conviction ...." **Id. (citations omitted)**. In the present action, White's claims of search and seizure and of arrest without probable cause are injuries that are compensable whether or not he was later convicted. Therefore, these claims are not ***Heck***-barred.

Similarly, White's claims in Count III regarding his confinement in a cellar without medication, lights, toilet and room to stand are not barred. "[A] suit that complains of official misconduct unrelated to legal process - an unconstitutional arrest without a warrant, the gratuitous beating of the arrested person, his confinement in the Black Hole of Calcutta whether pre- or postconviction, and so forth" is not barred by ***Heck*** "because the unlawfulness of the plaintiff's confinement pursuant to legal process is not 'an implicit or explicit ingredient of his case.'" ***Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (citations omitted)**. White's claims of official misconduct regarding the manner in which he was confined are unrelated to the criminal case against him. Therefore, these claims are not ***Heck***-barred.

Count V, however, destruction of exculpatory evidence, goes directly to the injury of White's being convicted. Indeed, the petitioner in *Heck* claimed that, during the investigation leading to his arrest, respondents "knowingly destroyed" evidence "which was exculpatory in nature and could have proved [petitioner's] innocence." *Heck*, **512 U.S. at 479**. The Court affirmed the district court's dismissal of the action because the issues it raised "directly implicate[d] the legality of [petitioner's] confinement." *Id*. Likewise, White's claim regarding the destruction of exculpatory evidence would of necessity undermine the validity of his conviction and is, therefore, barred by *Heck*. Accordingly, the Court will grant Defendants' motion to dismiss Count V. Dismissal of this Count shall be without prejudice because damages may be available in the event that the underlying conviction is vacated or expunged. ***See, e. g., Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998)**.

The Court can make no determination as to Count VI, which is pled in impermissibly vague terms. White contends that "all defendants" failed to intervene "to prevent the harm from occurring." No particular conduct is ascribed to any Defendant nor is the "harm" particularized. Whether this Count relates to alleged official misconduct, destruction of evidence, failure to provide medical care or other is unclear. Although Defendants sought dismissal of this Count rather than a more definite statement, nonetheless, the Court will not dismiss it at this juncture. However, rather than requiring White to submit a more definite statement, the Court will require him to amend his complaint to comply with the requirements of Rule 8, that the complaint present a "short and plain statement" of his claims, and Rule 10(b), that the claims be set forth with sufficient clarity and precision that Defendants will be able to discern what he is claiming.

### B. Federal Rules of Civil Procedure 8 and 10(b)

Defendants contend that Counts III (due process - shocks the conscience), VI (failure

to intervene), VII (42 U.S.C. § 1983 conspiracy) and X (illegal conspiracy) must be dismissed for failure to adequately apprise Defendants of the claims against them, sufficient to state a response, and failure to meet the requirements of FED.R.CIV.P. 10(b).[2]

Although Defendants do not specify under what Rule their first argument arises, the Court concludes that it is brought under Rule 8, which requires that a pleading must contain "a short and plain statement" of the claim showing that the pleader is entitled to relief. **FED.R.CIV.P. 8(a)(2)**. As set forth above, the complaint must contain enough facts to state a claim that is plausible on its face, and the complaint must give the defendants "fair notice" of the grounds on which plaintiff's claim rests. ***Killingsworth,* 507 F.3d at 618.** Rule 10(b) requires a party to state its claims or defenses with clairty, in numbered paragraphs, limited as much as possible to a single set of circumstances. **FED.R.CIV.P. 10(b)**.

The Court agrees with Defendants that Count III fails to meet the standards set forth in these Rules. The claims therein are brought against "all defendants." However, not "all defendants" took all of the actions described in the Count, *i. e.*, arrested him, confined him, withheld his medication and falsely reported his theft of the truck.

To be liable under § 1983, a defendant must have participated directly in the constitutional violation. ***Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)**. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." ***Id.* (citing *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.1996))**. As above, the Court will require White to amend his complaint in order to bring his vague and overbroad allegations into compliance with

---

[2] The Court has already determined that White must amend his complaint as to Count VI.

Rule 8's requirement that the averments in the complaint be "simple, concise, and direct." *See* **FED. R. CIV. P. 8 (d)(1)**.[3]

Similarly, Counts VII and X are brought against "all defendants," instead of against specific defendants based on specific conduct. These Counts assert claims of conspiracy which never rise beyond mere labels and conclusions, which will not suffice to state a claim. Neither Count gives evidence of a right to relief, and both fail to provide Defendants with sufficient notice of the grounds upon which White's claims rest to allow the Defendants to frame a responsive pleading. The Court will grant Defendants' motion as to Counts VII and X, in that White is required to amend his complaint as to these Counts.

### C. Illinois Constitution Article I §§ 1, 2 and 6

In Count VIII, White alleges a cause of action under the Illinois Constitution for violation of his "inherent and inalienable right to life, liberty, and the pursuit of happiness, and his right to be secure in his person and possessions against unreasonable searches, seizures, and invasions of privacy, and his right not to be deprived of his liberty and property without due process of law." Complaint, ¶ 46. White contends that he has alleged willful and wanton violations of the Illinois constitution sufficient to state pendent claims.

Defendants argue that White provides no authority supporting a cause of action for violation of the Illinois Constitution. Defendants cite numerous cases from the United States District Court for the Northern District of Illinois which, they contend, support a conclusion that there is no

---

[3]Defendants, Lakin, Gulash, Hallenbeck, Blankenship and Nurses & Jailors A-Z, have filed an Answer (Doc. 28). However, as to each Count directed at them, they merely deny White's allegations and demand strict proof thereof. Defendants, Madison County and Hertz, did not file an answer to White's complaint but filed a motion to dismiss (Doc. 30).

9

independent cause of action where a federal statute or the state common law provides a remedy.

"A federal court considering a state law claim under its supplemental jurisdiction applies state substantive law." **Harrison v. City of Chicago, 2007 WL 1810510, \*6 (N.D.Ill. 2007) (citing *Houben v. Telular Corp*., 309 F.3d 1028, 1032 (7th Cir. 2002))**. "The duty of a federal court applying state substantive law is 'to predict what the state's highest court would do if presented with the identical issue.'" ***Id*. (quoting *Taco Bell Corp. v. Continental Casualty Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004))**.

White has not pointed to, nor has the Court been able to discover through independent research, any private right of action or express remedy under the Illinois Constitution. ***See id*. (collecting cases)**. In ***Ingram v. Jones*, 1995 WL 745849 (N.D. Ill. 1995)**, the district court researched the issue of whether any Illinois court had ever allowed a claim to be brought for the violation of any Article or Section of the Illinois Constitution. **1995 WL 745849 at \*3**. The only case that the court was able to find, *Walinski v. Morrison & Morrison*, **377 N.E.2d 242 (Ill. App. 1978)**, held that a civil action could be maintained for violation of rights set forth in Article I, § 17 of the Illinois Constitution. *Id*. This avenue was subsequently foreclosed by the enactment of the Human Rights Act, which became the exclusive remedy for violation of the rights set forth in § 17, such that a person can no longer bring a private right of action under that section of the Illinois constitution. *Id*.

Where a plaintiff has an available remedy under Illinois common law or under federal law, the Illinois Supreme Court would not recognize a private cause of action under the Illinois Constitution. Because an adequate remedy is available to White under § 1983 and Illinois common law, the Court will not infer a separate cause of action under the Illinois Constitution. Accordingly,

the Court will grant Defendants' motion to dismiss Count VIII. Dismissal of this Count shall be with prejudice because no private cause of action is available to White under the Illinois Constitution.

### D. Defendants Luehmann and Schardan

Defendants move to dismiss Defendant Luehmann on three grounds: no allegations have been made against him in his individual capacity; suits against police chiefs in their official capacity are in actuality suits against the municipality and the Village of Pontoon Beach has been named; and no allegations have been made that would impose supervisory liability on him. Defendants move to dismiss Defendant Schardan because there are no specific allegations against him. The Court will require White to amend his complaint as to his claims against these Defendants.

### IV. Conclusion

In sum, the Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement. (Doc. 27). The Court **DISMISSES** Count V without prejudice and Count VIII with prejudice. White is hereby **ORDERED** to submit an amended complaint, as set forth in detail above, on or before March 17, 2008. Failure to timely file an amended complaint may result in dismissal of this action for failure to comply with the Court's Order.

As a housekeeping measure, as a result of this Order, Defendants' motions for an extension of time to file an answer (Docs. 22, 24) are **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED this 26th day of February, 2008**

                                          **s/Michael J. Reagan**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**